Dear Mr. Lynch:
This office is in receipt of your request for an opinion of the Attorney General in regard to employees of the Department of Health and Hospitals being authorized to commute to and from their state jobs in state vehicles. You ask if this is a prohibited donation of public funds under Article VII, Section 14
of the Louisiana Constitution.
You indicate in 1982 positions at the Feliciana Forensic Facility, East Louisiana State Hospital and the Villa Feliciana Chronic Disease Hospital were filled by approximately 122 employees who were told that as a condition of employment the department would provide them with transportation to and from work. Subsequently the Department ceased providing this transportation and the District Court ruled the Department must provide transportation to these employees. There are now sixteen employees still working at the facilities that were covered by the court order. The Feliciana Forensic Facility has designated four state vehicles for commuting purposes for their nine employees but allows an additional fifteen employees not covered in the court order to also commute in these state vehicles. These employees are taxed in accordance with the Internal Revenue Code.
The Chief Executive Officer of the Feliciana Forensic Facility states it is extremely beneficial and relatively little additional cost to allow these employees to ride as passengers in these home storage vehicles. The employees meet at predetermined locations so that these additional employees have not altered the route as designated in the original court order. He further states that this is a great benefit to recruitment and retention of personnel because of the relatively remote location. He has asked the Division of Administration for an exception to the Fleet Management regulations for these employees.
Article VII, Sec. 14 prohibits the loan, pledge or donation of public funds to anyone, public or private. This office has recognized under the decision of City of PortAllen v. La. Risk Management, Inc., 439 So.2d 399, (La. 1983) that Article VII, Section 14 will be violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so."
There is no doubt that the employees in question are receiving something valuable to them, but we feel the situation must focus on the question whether the Department is giving up something of value since it is mandated to transport the other employees. It appears to us from the recited facts that these additional employees riding along with the others does not increase the cost to the Department. Therefore, the Department is not giving up anything beyond which it is mandated to supply.
However, if there is an additional public cost by allowing these employees to commute with the others of which we are not aware, or if there should be an additional cost in the future, this would violate the constitutional provision against donation of public funds unless the expenditure could be justified on other grounds.
We feel this brings into focus the question of the authority of the Division of Administration to allow the use in the home storage vehicles, and if this agreement to supply transportation was a consideration in the employment contract.
Consideration should be given to the provisions of R.S.39:362(B)-(2)(a)(ii) relative to home storage which sets forth as one criteria the following:
 Employees for whom the provision of transportation to and from the work place is a condition of employment as approved at the time of employment by the commissioner of administration.
Inquiry should be made if such a commitment was made to the employees in question which would be further justification for allowing them to commute with the others under court order.
Moreover, in Atty. Gen. Op. No. 94-597 issued to you in which the legality of certain home storage of state fleet vehicles was in question this office observed in R.S. 39:362 the home storage of fleet vehicles shall be permitted only in "situations in which the cost savings to the state is substantiated, or in which the health and welfare of the general public are essentially affected, or in which thecommissioner deems it to be in the best interest of thestate." It was felt this provisions gives the commissioner broad discretion to determine when home storage is in the best interest of the state, and unless there is a showing of abuse of that discretion it cannot be said the home storage use is improper. This is a factual determination which this office will not entertain.
Consequently, we cannot say that the Department of Health and Hospitals has violated the constitutional provisions which prohibit donation of public funds by allowing these employees free transportation to and from work by joining those that the Department is mandated by court order to transport.
We hope this presents sufficient information relative to your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General